UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARC VIGNA,

     Plaintiff,

  v.

ALLSTATE INSURANCE COMPANY,

     Defendant.

CASE NO. C16-5474 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This matter comes before the Court on Plaintiff Marc Vigna's ("Vigna") motion to remand (Dkt. 10). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On January 22, 2016, a motorist lost control of her car and hit Vigna's parked car. Dkt. 1-6 ("Comp.") ¶ 8. Vigna owned "a 2015 Honda CRV EX-L, which had only 14,388 miles at the time of the accident." *Id.* Vigna alleges his car suffered extensive damage and the total repair cost was estimated at $4,505.60. *Id.* ¶ 9; *see also* Dkt. 1-2, Declaration of Michael Kane ("Kane Dec."), Ex. 1 at 23.

ORDER - 1

Vigna sought coverage under his insurance policy with Defendant Allstate Insurance Company ("Allstate"). Comp. ¶ 11. Vigna contacted an appraiser to evaluate his car's diminished value. *Id.* According to Vigna's appraiser, the diminished value of Vigna's car was $5,025. Kane Dec., Ex. 1 at 14. Allstate offered to pay Vigna $1,650 for diminished value.[1] Kane Dec. ¶ 15.

On May 13, 2016, Vigna filed a class action complaint against Allstate in Pierce County Superior Court. Comp. ¶ 1. Vigna claims Allstate breached the insurance policy and failed to adequately compensate him for diminished value. *Id.* ¶¶ 1, 11–13. Vigna seeks to certify the following class:

> All Allstate Insurance Company insureds with Washington policies issued in Washington State, where the insureds' vehicle damages were covered under Underinsured Motorist coverage, and
> 1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and
> 2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and
> 3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the Class are (a) claims involving leased vehicles or total losses, and (b) the assigned judge, the judge's staff and family.

*Id.* ¶ 27. Vigna alleges compensatory damages will be about $2,763,686 because the class will include about 1,934 members and the average damages will be about $1,429 per member. *Id.* ¶¶ 17–19. Vigna asserts he is not seeking attorney's fees greater than $200. *Id.* ¶ 19; *see also* Dkt. 10 at 17.

---

[1] Vigna's complaint alleges Allstate offered him $1,500 in a voicemail. Comp. ¶ 11.

On June 14, 2016, Allstate removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Dkt. 1. On June 23, 2016, Vigna moved to remand. Dkt. 10. On July 11, 2016, Allstate responded. Dkt. 14. On July 15, 2016, Vigna replied. Dkt. 21. On July 18, 2016, Allstate filed a surreply.[2] Dkt. 23.

## II. DISCUSSION

Vigna seeks to remand this case, arguing Allstate has not shown by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional requirement of $5,000,000. Dkt. 10 at 1.

### A. CAFA Removal Standard

CAFA vests federal district courts with original jurisdiction over class actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)). The burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). There is no presumption against removal under CAFA. *Dart Cherokee*, 135 S. Ct. at 554.

### B. Amount in Controversy

To determine the amount in controversy, the Court first looks to the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "Generally, 'the sum

---

[2] Allstate argues Vigna cites to a new case and makes new arguments in his reply. Dkt. 23. To the extent Vigna has raised new arguments, the Court has considered Allstate's substantive responses in its surreply. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938)). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.*

"The preponderance of the evidence standard means the 'defendant must provide evidence establishing that it is *more likely than not* that the amount in controversy exceeds [$5,000,000].'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. Both parties may submit evidence outside the complaint, including affidavits, declarations, or other summary-judgment-type evidence. *Id.* at 1197. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

In his complaint, Vigna alleges the amount in controversy is $2,763,686. Comp. ¶ 19. Allstate raises three arguments why the amount in controversy exceeds CAFA's jurisdictional requirement: (1) the compensatory damages exceed $5,000,000; (2) the amount in controversy should include attorney's fees; and (3) the amount in controversy in this case should be aggregated with the amount in controversy in *Kogan v. Allstate*

*Fire & Casualty Insurance Co.*, C15-5559-BHS, 2015 WL 6870760 (W.D. Wash. Nov. 9, 2015). Dkt. 14 at 3–5.

With respect to compensatory damages, Allstate concedes Vigna's alleged class size of 1,934 members is consistent with Allstate's information. Dkt. 1 at 7; *see also* Kane Dec. ¶ 12. Allstate, however, argues the average damages per class member should be higher than Vigna's figure of $1,429. Dkt. 14 at 9–16. To support this argument, Allstate points to Vigna's diminished value appraisal of $5,025. *Id.* at 9. Allstate contends the Court should extrapolate this number across all class members because Vigna alleges his claims are typical of the class. *Id.*

Allstate's argument is unavailing for at least two reasons. First, Rule 23's typicality requirement concerns whether each class member's claim arises from the same course of events and involves similar legal arguments. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009). Although Vigna's claims may be typical of the class, there may be disparities between each class member's damages. *Cf. Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) ("So long as the plaintiffs were harmed by the same conduct, disparities in how or by how much they were harmed [do] not defeat class certification."). Thus, "the typicality element of a class action, by itself, does not allow [the Court] to infer that the *amounts* of the named plaintiffs' claims are similar to those of other class members." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 769 (11th Cir. 2010).

Second, Allstate has not submitted evidence from which the Court may reasonably infer Vigna's diminished value appraisal reflects the average damages of other class

1  members.  This Court has previously recognized the "individual nature of [diminished

2  value] claims." *Franklin v. Gov't Emp. Ins. Co.*, C10-5183-BHS, 2011 WL 5166458, at

3  *8 (W.D. Wash. Oct. 31, 2011).  In diminished value cases, "[e]ach class member has

4  presumptively made a claim on a unique vehicle that had been involved in a unique

5  accident."  *Id.*  At the time of the accident, Vigna owned a new car with a pre-loss value

6  of $28,300.  Kane Dec., Ex. 1 at 12, 23.  His total repairs were estimated at $4,505.60.

7  *Id.* at 23.  There is no evidence in the record, however, that Vigna represents the average

8  of the class.  In the absence of such evidence, the Court declines to extrapolate an

9  estimate of Vigna's individual damages across all class members.

10       Allstate also argues it would be appropriate to use $3,510 for the average damages

11  per class member.  Dkt. 14 at 10.  Allstate arrived at this number by taking the average

12  cost of repair from two other diminished value class actions and multiplying it by the

13  ratio between Vigna's diminished value estimate and his cost of repair.  *Id.*  Again,

14  Allstate fails to show it is reasonable to use Vigna's estimated damages as a reference

15  point for determining average damages.

16       Notably, Allstate does not address the amount it offered to pay Vigna for

17  diminished value.  According to Allstate's claim consultant, Vigna's diminished value

18  appraisal of $5,025 is "widely higher" than what the ultimate negotiated payment would

19  be.  Kane Dec. ¶ 15.  During Allstate's pre-suit negotiations with Vigna, Allstate offered

20  him $1,650 for the diminished value of his new car.  *Id.*  Allstate's offer is only $190

21  more than the average damages proposed by Vigna, and there is no evidence in the record

22  that Allstate made this offer in bad faith.

As for attorney's fees, Allstate argues *Olympic Steamship* fees should be included in the amount in controversy and suggests 30% of compensatory damages as an appropriate amount of fees. Dkt. 14 at 4, 16. Assuming without deciding that such fees should be included, the requested attorney's fees do not increase the amount in controversy to over $5,000,000.

Finally, Allstate contends the Court should aggregate the amount in controversy in this case with the amount in controversy in *Kogan*. *Id.* at 19. The Court addressed and rejected this argument in *Zarelli v. Encompass Ins. Co.*, C15-5607-BHS, 2015 WL 7272260, at *3 (W.D. Wash. Nov. 17, 2015). Allstate has not presented authority that compels a different result in this case.

Although Allstate need not prove the amount of damages that will ultimately be recovered, Allstate has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 at this time. The Court therefore concludes remand is appropriate.

**C.    Attorney's Fees**

Vigna requests an award of attorney's fees incurred because of removal. Dkt. 10 at 25. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

1  Vigna contends attorney's fees are warranted because Allstate advances the same
2  arguments the Court rejected in *Zarelli*. Dkt. 10 at 25. Allstate, however, also advanced
3  other arguments as to why the amount in controversy was satisfied. While these
4  arguments were ultimately unsuccessful, the Court cannot conclude they were objectively
5  unreasonable. The Court therefore denies Vigna's request for attorney's fees.

### III. ORDER

Therefore, it is hereby **ORDERED** that Vigna's motion to remand (Dkt. 10) is **GRANTED** and his request for attorney's fees (Dkt. 12) is **DENIED**. This action is **REMANDED** to Pierce County Superior Court.

Dated this 16th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge